McDONALD (NORTH v.).    See Case No. 10,-312.

## Case No. 8,764.
### McDONALD v. ORVIS.
[5 Biss. 183.] [1]
Circuit Court, N. D. Illinois.    Oct., 1870.

PLEADING—DEMURRER — WRITTEN INSTRUMENT— CHANGE BY ORAL TESTIMONY—UNCERTAINTY —GENERAL ISSUE PLEADED.

1. A plea that the written contract set forth in the declaration is not the contract made by the parties, but is a fraud upon the defendant, is bad on demurrer; it is an attempt to change a written contract by oral testimony, and is also bad for uncertainty.

2. Where the general issue has been pleaded, a demurrer to a special plea cannot be carried back to the declaration. Having tendered an issue of fact, the defendant cannot claim the benefit of a demurrer.

Demurrer by plaintiff [Angus McDonald] to the last plea filed by the defendant [Frank-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

lin K. Orvis], and setting up, in substance, that the contract, a written one. declared upon was subsequently changed or another contract entered into between the same parties. It reads, "avers that the said last-mentioned contract, as set forth in the declaration, does not set forth the contract as made between the parties, but that the same was drawn up by the plaintiff and is a fraud upon the rights of the defendant."

Waite & Clarke, for plaintiff.
J. B. Bradwell, for defendant.

BLODGETT, District Judge. This plea amounts to an averment that the written contract, or the modification of the original contract, which is set up in plaintiff's declaration, is not the true contract made between the parties, but that it is a fraud upon the defendant.

I cannot conceive that an averment of that kind would allow the introduction of any testimony such as would sustain the averment on a trial of the cause at law. It is, in substance, an attempt to modify or change a written contract by parol testimony. The preceding plea avers that the contract was different from what is set up in the declaration, and concludes with this proposition to offer parol evidence to show wherein it differs. I think the demurrer to the plea is well taken, not only for this cause, but for the cause of want of certainty in the plea itself in not stating wherein it is different. I do not think there is enough certainty in the plea, even if it did not seek to change a written contract by parol evidence.

But it is answered on the part of the defendant that a bad plea is a good and sufficient answer to a bad declaration, which I understand, of course, to refer to a well-known rule of pleading, that a demurrer, when taken to a plea, may be made to reach back to the declaration or pleading where the first defect originated; and under many circumstances that rule is applied, but in this case the declaration contains two counts—a special count on a special promise, and the common counts. The plea purports to answer the entire declaration, and of course if a general demurrer had been introduced to the whole declaration, the demurrer would have to be overruled, because there is one good count in the declaration, the common counts for goods sold and delivered, money lent, &c.

There is also an exception to the rule contended for by the defendant's counsel, which is well recognized, viz.: that a demurrer cannot be carried back to the declaration if the general issue has been pleaded; because if it should, it would enable a party, after having tendered an issue of fact on the declaration, to raise an issue of law by putting in a bad plea. If a party wishes to demur to the declaration, he must do it before he tenders an issue of fact. The proposition is undoubtedly sound where there is not an issue

of fact made, but here, inasmuch as the demurrer is general, if carried back, the declaration, as a whole, would be sustained, because it has one good count, and because the defendant has already made an issue of fact on the declaration.

The demurrer must be sustained.